John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**GAMETEK LLC**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>    Plaintiff,<br>  v.<br><br>ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES;<br><br>    Defendant. | Case No.: '12 CV 2927 LAB RBB<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 7,076,445**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: December 10, 2012<br>Trial Date: not set |

This is an action for patent infringement in which GAMETEK LLC submits this Complaint against the Defendant named herein, namely ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES ("Defendant"), as follows:

**THE PARTIES**

1.  GAMETEK LLC ("GAMETEK" or "Plaintiff") is a California limited liability company with a place of business at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

2. On information and belief, ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE d/b/a PLAYFISH d/b/a POGO GAMES ("EA") is Delaware corporation with a place of business at 209 Redwood Shores Parkway, Redwood City, CA 94065.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, the Defendant is subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in California, including related to the infringements alleged herein. Further, on information and belief, the Defendant has interactive websites and/or games comprising infringing methods, which are at least used in and/or accessible in California. Further, on information and belief, the Defendant regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, the Defendant is subject to personal jurisdiction in this district. On information and belief, the Defendant is subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, the Defendant has interactive websites and games comprising infringing methods, which are at least used in and/or accessible in this district. Further, on information and belief, the Defendant regularly conducts and/or solicits business, engages in

other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in this district.

# COUNT I

# INFRINGEMENT OF U.S. PATENT NO. 7,076,445

6. United States Patent No. 7,076,445 ("the '445 patent"), entitled "SYSTEM AND METHODS FOR OBTAINING ADVANTAGES AND TRANSACTING THE SAME IN A COMPUTER GAMING ENVIRONMENT," issued on July 11, 2006.

7. GAMETEK is the present assignee of the entire right, title and interest in and to the '445 patent, including all rights to sue for past and present infringement. Accordingly, GAMETEK has standing to bring this lawsuit for infringement of the '445 patent.

8. The various claims of the '445 patent cover, inter alia, a method of managing a game comprising displaying a plurality of game objects, determining if the user has sufficient consideration to purchase a game object, presenting an offer to purchase the game object dependent upon parameters comprising the tracked activity of the user and the indication that the user has sufficient consideration, permitting the user to purchase the game object without interrupting the game, supplying the purchased game object to the user without interrupting the game, and incorporating the game object into the game.

9. On information and belief, EA has been and now is infringing, including jointly, the '445 patent by actions comprising managing a game comprising displaying a plurality of game objects, determining if the user has sufficient consideration to purchase a game object, presenting an offer to purchase the game object dependent upon parameters comprising the tracked activity of the user and the indication that the user has sufficient consideration, permitting the user to purchase the game object without interrupting the game, supplying the purchased game object to the user without

interrupting the game, and incorporating the game object into the game. On information and belief, such methods comprise Poppit! Sprint, Restaurant City, SIMS Social, and World Series Superstars.

10. Further on information and belief, EA makes, uses, and hosts the game known as Poppit! Sprint.

11. Further on information and belief, EA makes, uses, and hosts the game known as Restaurant City.

12. Further on information and belief, EA makes, uses, and hosts the game known as SIMS Social.

13. Further on information and belief, EA makes, uses, and hosts the game known as World Series Superstars.

14. As a result of EA's infringing conduct, EA has damaged GAMETEK. EA is liable to GAMETEK in an amount that adequately compensates GAMETEK for its infringement, which by law, can be no less than a reasonable royalty.

15. EA was put on notice of the '445 patent prior to the filing of this suit. GAMTEK contends that, at a minimum, EA's ongoing infringement of the '445 patent since receiving notice of the '445 patent is willful, including because EA's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

### PRAYER FOR RELIEF

WHEREFORE, GAMETEK respectfully requests that this Court enter:

1. A judgment in favor of GAMETEK that EA has infringed the '445 patent;

2. A judgment that EA's infringement is and/or has been willful and objectively reckless;

     3.     A permanent injunction enjoining EA, and its officers, directors, employees, agents, affiliates and all others acting in active concert therewith from infringing the '445 patent;

     4.     A judgment and order requiring EA to pay to GAMETEK its damages, costs, expenses, fees, and prejudgment and post-judgment interest for CIE's infringement of the '445 patent as provided under 35 U.S.C. §§ 284 and/or 285.

     5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GAMETEK its reasonable attorneys' fees;

     6.     Any and all other relief to which GAMETEK may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:    December 10, 2012          Respectfully submitted,

COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC


_/s/ *John J. Edmonds*_____
John J. Edmonds

Attorney for Plaintiff
GAMETEK LLC