WAYNE BARSKY, SBN 116731
　wbarsky@gibsondunn.com
JASON LO, SBN 219030
　jlo@gibsondunn.com
JORDAN BEKIER, SBN 273185
　jbekier@gibsondunn.com
CASSANDRA GAEDT, SBN 280969
　cgaedt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant,
EA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ELECTRONIC ARTS INC. d/b/a EA INTERACTIVE D/B/A PLAYFISH d/b/a POGO GAMES,<br><br>　　　　　　Defendants. | CASE NO. 12-CV-2927-BEN-RBB<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT EA TO THE COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

　　　　Defendant Electronic Arts Inc. d/b/a EA Interactive d/b/a Playfish d/b/a Pogo Games ("EA"), by and through its attorneys, answers Plaintiff GameTek LLC's ("Plaintiff's") Complaint ("Complaint") and asserts defenses and counterclaims as follows:

**THE PARTIES**

　　　　1.　　EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies each and every allegation of paragraph 1 of the Complaint.

　　　　2.　　EA admits the allegations of paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. EA admits that Plaintiff purports to bring this action under Title 35 of the United States Code as a claim for patent infringement. EA denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. EA admits that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, EA denies the allegations of paragraph 3 of the complaint.

4. EA admits only that this Court has personal jurisdiction over EA for purposes of this action. EA denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. To the extent that the allegations of this paragraph contain legal conclusions, no response is required. Except as expressly admitted herein, EA denies the allegations of paragraph 4 of the Complaint.

5. EA admits venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) as to EA for purposes of this action only, but further states that venue is proper in other districts pursuant to 28 U.S.C. §§ 1391, 1391(c) and 1400(b), and EA reserves all rights to move for transfer of venue of this action or consolidation with other related actions. EA denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Except as expressly admitted herein, EA denies the allegations of paragraph 5 of the complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,076,445

6. EA admits that United States Patent No. 7,076,445 ("the '445 patent"), is entitled "SYSTEM AND METHODS FOR OBTAINING ADVANTAGES AND TRANSACTING THE SAME IN A COMPUTER GAMING ENVIRONMENT." EA further admits that the '445 patent states, on its face, that it was issued on July 11, 2006. Except as expressly admitted herein, EA denies the allegations of paragraph 6 of the Complaint.

7. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, on that basis, denies each and every allegation of paragraph 7 of the Complaint.

8. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that basis, denies each and every allegation of paragraph 8 of the Complaint.

9. EA denies each and every allegation set forth in paragraph 9.

10. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and EA therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint. Accordingly and on that basis, EA denies each and every allegation of paragraph 10 of the Complaint.

11. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and EA therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint. Accordingly and on that basis, EA denies each and every allegation of paragraph 11 of the Complaint.

12. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and EA therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint. Accordingly and on that basis, EA denies each and every allegation of paragraph 12 of the Complaint.

13. Plaintiff's use of the terms "makes", "uses", and "hosts", is ambiguous, and EA therefore lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint. Accordingly and on that basis, EA denies each and every allegation of paragraph 13 of the Complaint.

14. EA denies each and every allegation set forth in this paragraph 14.

15. EA admits that it was aware of the '445 patent on or after the filing date of the action *GameTek v. Facebook, et al.*, 12-cv-00501-BEN-RBB, pending in the Southern District of California, from which EA was dismissed without prejudice. Except as expressly admitted herein, EA denies each and every allegation set forth in paragraph 15.

16. In response to Plaintiff's Prayer for Relief, EA denies that Plaintiff is entitled to any relief sought in paragraphs 1 through 6 of the Prayer for Relief section.

**AFFIRMATIVE DEFENSES**

EA asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that EA has the burden of proving the matter asserted.

### First Affirmative Defense

17. EA has not infringed, and does not infringe, either literally, by application of the doctrine of equivalents, or jointly, the '445 patent.

### Second Affirmative Defense

18. The '445 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

### Third Affirmative Defense

19. Plaintiff is not entitled to any injunction relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing EA to continue to make, sell, offer to sell, and distribute its offerings.

### Fourth Affirmative Defense

20. Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that EA infringes any claim of the '445 patent.

### COUNTERCLAIMS

In addition to its affirmative defenses, EA further asserts the following counterclaims against Gametek LLC ("Counterclaim-Defendant").

### THE PARTIES

21. EA is a Delaware corporation with a place of business at 209 Redwood Shores Parkway, Redwood City, CA 94065.

22. On information and belief, Counterclaim-Defendant is a California limited liability company with its principal place of business at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

### JURISDICTION AND VENUE

23. These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

24. This Court has personal jurisdiction over Counterclaim-Defendant at least because it has submitted to the jurisdiction of this Court.

25. Venue is proper under 28 U.S.C. § 1391.

26. On or about July 11, 2006, United States Patent No. 7,076,445 (the "'445 patent") entitled "System and Methods for Obtaining Advantages and Transacting the Same in a Computer Gaming Environment" issued.

27. Counterclaim-Defendant asserts that EA infringes the '445 patent. EA asserts that the '445 patent is invalid. EA further asserts that it has not infringed and is not infringing the '445 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between EA and Counterclaim-Defendant.

28. EA is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '445 patent, and that the '445 patent is invalid.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

29. Paragraphs 21-28 are incorporated by reference as if fully set forth herein.

30. On or about December 10, 2012, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that EA infringes the '445 patent.

31. EA has not infringed and is not infringing the '445 patent, either literally, by application of the doctrine of equivalents, or jointly.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

32. Paragraphs 21-28 are incorporated by reference as if fully set forth herein.

33. On or about December 10, 2012, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that EA infringes the '445 patent.

34. The '445 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, EA prays as follows:

A. That the Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for EA;

B. That Plaintiff take nothing by reason of its Complaint;

C. For a declaratory judgment that:

(i) EA does not infringe, either literally, by application of the Doctrine of Equivalents, or jointly, any valid and enforceable claim of the '445 patent;

(ii) The '445 patent is invalid; and

(iii) Counterclaim-Defendant, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against EA, its present or prospective customers, agents, servants, or employees, or users of EA's products, for alleged infringement of the '445 patent;

D. For an injunction prohibiting Plaintiff, its officers, servants, employees, agents and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening EA, its present or prospective customers, agents, servants, or employees, or users of EA's products, with infringement litigation or charging any of them either orally or in writing with infringement of the '445 patent, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any EA products;

E. That EA be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

F. For such other relief as the Court deems proper.

**DEMAND FOR A JURY TRIAL**

EA demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by a jury.


Dated: January 2, 2013

                                WAYNE BARSKY
                                JASON LO
                                JORDAN BEKIER
                                CASSANDRA GAEDT
                                GIBSON, DUNN & CRUTCHER LLP


                                By:  /s/ Jason Lo
                                              Jason Lo

                                Attorney for EA

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071.

On January 2, 2013, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all known counsel of record:

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT EA TO THE COMPLAINT**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on January 2, 2013, at Los Angeles, California.

        /s/ Cassandra Gaedt
        Cassandra Gaedt